# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE THE APPLICATION OF ) <br> MONSY GUERRA GUERRA, ) <br>  ) <br>     Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> JEREMIAS FIGEUROA RODAS, ) <br>  ) <br>     Defendant. ) | Case No. CIV-20-96-SLP |

## O R D E R

Plaintiff's Verified Complaint for Return of Child Pursuant to the Hague Convention [Doc. No. 1] came on for hearing before the Court on the 13th day of March, 2020.¹ The Honorable David L. Russell presided over the hearing at the request of the assigned judge, the Honorable Scott L. Palk.

Plaintiff appeared through her counsel of record, Gregory Beben. Defendant appeared pro se. At the Court's request, Sharon W. Byers appeared and, as set forth below, is appointed as a guardian ad litem for the parties' minor child, F.E.R.G. Also present was Rita Lyons, an interpreter appointed by the Court for the purpose of this hearing.

The Court previously issued a temporary restraining order, *see* TRO [Doc. No. 11], the terms of which were extended through the date of this hearing, *see* Continuance Order [Doc. No. 13]. The record reflects Defendant was served with the Complaint two days

---

[1] Plaintiff's action is brought pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the Hague Convention or Convention), which has been implemented in the United States by the International Child Abduction Remedies Act (ICARA), 22 U.S.C. §§ 9001 et seq. (formerly 42 U.S.C. §§ 11601-11610).

prior to the hearing, on March 11, 2020. The record further reflects Defendant was served with the TRO and the Continuance Order on that same date. Defendant advised the Court that he has spoken with an attorney, but the attorney has not confirmed whether she will be representing Defendant in this matter. Defendant further advised the Court that he understands that terms of the TRO as explained to him by the Court and does not object to a continuance of the TRO until a final hearing on the merits is scheduled. Defendant additionally advised the Court that he intends to raise the "grave risk" affirmative defense to the return of the parties' minor child to Guatemala. *See* 22 U.S.C. § 9001(e)(2)(A). The Court determined, under these circumstances, an extension of the TRO is warranted and appointment of a guardian ad litem is necessary.

IT IS THEREFORE ORDERED as follows:

1) This matter is set for hearing in the United States Courthouse located at 200 N.W. 4th Street, Oklahoma City, Oklahoma, 73102, Courtroom 304, on April 2, 2020 at 9:00 a.m. at which time the Court will hear argument and receive evidence on the merits of Plaintiff's Verified Complaint;

2) The terms of the TRO issued on February 19, 2020 remain in effect until the date of the hearing set forth above and Defendant, Jeremias Figeuroa Rodas, is prohibited from removing the minor child, F.E.R.G., from the jurisdiction of this Court pending an evidentiary hearing and final determination on the merits of the Verified Complaint;

3) No person acting in concert or participating with Defendant shall take any action to remove F.E.R.G. from the jurisdiction of this Court pending an evidentiary hearing and final determination on the merits of the Verified Complaint;

4) By separate order, the Court will appoint Sharon W. Byers as guardian ad litem for the parties' minor child F.E.R.G.

5) On or before Wednesday, March 18, 2020, Defendant shall advise the Court whether he intends to appear pro se in this matter or whether he has retained an attorney. If Plaintiff has retained an attorney, the attorney shall promptly file an entry of appearance.

6) The parties shall cooperate to assist Ms. Beyers in performing her appointed duties.

IT IS SO ORDERED this 13th day of March, 2020.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE